IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ONE MARLIN FIREARMS CO. RIFLE, MODEL 25N, .22 CALIBER, SERIAL NUMBER 08587184,<br><br>　　　　　Defendant. | Case No. 3:05-cv-00260-JKS<br><br>O R D E R |

　　　This is a civil action brought *in rem* to forfeit the Defendant Firearm to the United States. Docket No. 1, Verified Complaint for Forfeiture. The Defendant Firearm was seized during the execution of a search warrant on March 11, 2005, at the residence of Andrew John Folger, Third Street, P.O. Box 46, Tanana, Alaska 99777, and has since been in the custody of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). Docket No. 1, ¶ 2.

　　　On July 7, 2005, ATF sent written notice of the seizure and forfeiture proceedings to Mr. Folger. Docket No. 1, ¶ 4. In addition, ATF ordered advertising of the same to be published in the Wall Street Journal on July 7, 14, and 21, 2005. Docket No. 1, ¶ 5. On August 8, 2005, ATF received a returned Seized Asset Claim Form from Mr. Dwayne L. Roberts, of Tanana, Alaska.

　　　On November 4, 2005, the Government filed a civil complaint for the forfeiture of the firearm. Docket No. 1. The Complaint was served on Mr. Roberts. The same day, the Government requested a warrant for the arrest of the Defendant Firearm. Docket N o. 2. United States Magistrate Judge John D. Roberts issued the warrant on November 8, 2005. Docket No. 4.

However, proof of service of the warrant on ATF was not returned until March 6, 2006, 118 days later. Docket No. 7.

*In rem* forfeiture actions are proceedings governed by the Supplemental Rules for Certain Admiralty and Maritime Claims. *United States v. 2, 164 Watches*, 366 F.3d 767, 769 –70 (9th Cir. 2004). The Court notes that service of the warrant was untimely. *See id*., at 771 (76-day delay between issuance and service of the warrant not "forthwith," as required by Supplemental Rule E(4)(a)). More importantly, the Court notes that service of process has not been formally completed. Supplemental Rule C(4) requires "public notice of the action and arrest in a newspaper designated by court order and having general circulation in the district . . . ." The same instruction is included in the Order issuing the warrant signed by Judge Roberts at Docket No. 4 ("YOU ARE ALSO COMMANDED to give due notice to all persons and entities having an interest in the Defendant Firearm under arrest by publication in a newspaper of general circulation in the judicial district where the Defendant Firearm was arrested.")

The notice must also indicate the time allowed under Supplemental Rule C(6) for a person claiming an interest in the property. Supplemental Rule C(4). The specifications are clearly stated in the Order at Docket No. 4; however, the Court has seen no indicia that either the general public, or Mr. Dwayne L. Roberts, in particular, has been notified of the requirements of Supplemental Rule C(6).

The Court has broad discretion under Fed. R. Civ. P. 4(m) to extend the time allowed for service. *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). It will exercise that discretion in this case and give the Government 120 days from the date of this Order to fulfill the requirements, outlined above, of the Supplemental Rules governing *in rem* actions. In so ordering, the Court is aware that potential claimants who fail to appear after proper notice has been given, may give up standing to assert a claim. *See e.g., United States v. $100,348.00 U.S. Currency*, 354 F.3d 1110, 1116-19 (9th Cir. 2004) (finding improperly verified claim filed over nine months after final newspaper publication, when claimant had prior knowledge of proceeding, was properly denied); *United States v. $38, 570 U.S. Currency*, 950 F.2d 1108, 1112-15 (5th Cir. 1992) (noting that putative claimant must file claim demonstrating interest in property in order to establish standing to

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2005\A05-0260.001.wpd

oppose forfeiture and affirming lower court's decision to strike untimely claim and answer to forfeiture complaint).

**IT IS THEREFORE ORDERED**:

The Government shall have 120 days from the date of this Order—August 7, 2006—to give due notice to all persons and entities having an interest in the Defendant Firearm under arrest by publication in a newspaper of general circulation in the judicial district where the Defendant Firearm was arrested. Further, the Government shall provide notice that all persons claiming an interest in the Defendant Firearm must file a verified statement identifying the interest or right with the Clerk of Court, United States District Court, District of Alaska, 222 West 7th Avenue, #4, Anchorage, Alaska 99513-7564, within 30 days after the earlier of receiving actual notice of execution of process or completed publication of notice, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims; and in addition, that persons claiming an interest in the Defendant Firearm shall serve and file their answers within 20 days after the filing of the statement of interest with the Clerk of Court, United States District Court, with a copy thereof sent to Assistant United States Attorney James Barkeley, United States Attorney's Office, 222 West 7th Avenue, #9, Room 253, Anchorage, Alaska 99513-7567.

Dated at Anchorage, Alaska, this 7th day of April 2006.

/s/ James K. Singleton
**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2005\A05-0260.001.wpd